UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALFRED SHARRON,

       Plaintiff,

  v.

OLYMPIA COMMUNITY MANAGEMENT
LLC and CHRISTOPER KELCH,

       Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## COMPLAINT

Plaintiff Alfred Sharron alleges the following for his complaint against Defendants Olympia Community Management LLC and Christopher Kelch.

### NATURE OF THE CASE

1. This is an employment case that arises under the Fair Labor Standards Act and involves an employer's failure to pay overtime compensation, as well as unlawful retaliation in response to complaints about unpaid overtime pay.

2. Plaintiff Alfred Sharron worked for Defendants as a maintenance employee where he routinely worked overtime hours, but Defendants failed to pay him for all of the overtime hours that he worked.

3. When Sharron raised the issue with Defendants and complained about their failure

to pay him for all the overtime hours he worked, Defendants responded by firing Sharron *the very same day* that he complained and in direct retaliation for his complaints about his overtime pay.

4. Sharron suffered damages as a result of Defendants' willful violations of the FLSA, and he seeks a judgment in his favor awarding backpay, frontpay, lost benefits, compensatory damages (including emotional distress), punitive damages, liquidated damages, attorneys' fees, litigation costs, interest, and all of the relief necessary to make him whole for the damages that he suffered and to ensure that Defendants will not subject other workers to the same unlawful conduct in the future.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Alfred Sharron is an individual person who resides in Kalamazoo County, Michigan.

6. Defendant Olympia Community Management is a limited liability company organized under the laws of the State of Michigan. The company maintains its principal place of business in Berrien County, Michigan.

7. Defendant Christopher Kelch is an individual person who controls, manages, and operates the company's business in Berrien County, Michigan.

8. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Fair Labor Standards Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the federal courts. 29 U.S.C. § 216(b).

10. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

11. Plaintiff Alfred Sharron worked for Defendant Olympia Community Management as a maintenance employee.

12. Defendant Olympia Community Management owns and operates manufactured housing communities in Southwest Michigan, Northern Indiana, and other locations.

13. Sharron was an employee within the meaning of the FLSA at all times relevant to the complaint.

14. Defendant Olympia Community Management is an employer under the FLSA.

15. Defendant Olympia Community Management is also an "enterprise" as defined by the FLSA and the company was (and is) engaged in commerce within the meaning of the FLSA.

*Defendants Fail to Pay Sharron For All the Overtime Hours That He Worked*

16. Sharron's job as a maintenance employee for Defendant Olympia Community Management required him to perform a wide variety of maintenance tasks and repair work. He regularly worked between 60 and 80 hours (or more) each work week for Defendant Olympia Community Management during his employment.

17. Defendant Olympia Community Management paid Sharron on an hourly basis.

18. There are no exemptions from the FLSA that would excuse Defendant Olympia Community Management from failing to pay Sharron at a rate of 1.5 times his regular rate of pay for all the overtime hours that he worked.

19. Defendant Olympia Community Management suffered and permitted Sharron to work more than 40 hours during certain work weeks.

20. Defendant Olympia Community Management knew that Sharron worked overtime hours during certain work weeks, but the company refused to pay him for all of the overtime hours that he worked.

21. Defendant Olympia Community Management willfully deprived Sharron of overtime compensation by failing to pay him for all the overtime hours that he worked.

22. Defendant Olympia Community Management knew or should have known that Sharron performed work that required proper payment of overtime compensation.

23. Defendant Olympia Community Management knew that Sharron worked overtime hours without receiving proper overtime pay because, among other reasons, the company knew that his job tasks and the volume of work required him to work overtime hours and Defendant Olympia Community Management's agents and representatives observed Sharron performing his work at all hours of the day and on weekends.

24. Sharron also specifically complained about Defendant Olympia Community Management's improper pay practices to Defendant Christopher Kelch and he was rebuffed by Kelch.

25. Defendant Olympia Community Management knew, or should have known, about its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

*Defendants Fire Sharron in Retaliation For His Complaints About Their Unlawful Pay Practices*

26. In April 2024, Sharron complained about Defendant Olympia Community Management's unlawful pay practices and requested that Defendant Christopher Kelch direct Defendant Olympia Community Management to pay him for all the overtime hours that he worked.

27. Defendant Olympia Community Management refused to pay Sharron for all the overtime hours that he worked and the company did so at the direction of Kelch.

28. Instead, the very same day that Sharron complained about Defendant Olympia

Community Management's unlawful pay practices and refusal to pay him for all the overtime hours that he worked, Defendant Olympia Community Management fired Sharron and provided no explanation to him for his dismissal.

*Defendant Kelch's Individual Liability*

29. Defendant Kelch is liable for the claims asserted in the complaint under the FLSA because he had significant control over the day-to-day operations at Defendant Olympia Community Management and, in particular, had substantial personal control over Sharron's employment.

30. Defendant Kelch has a significant ownership interest in Defendant Olympia Community Management and he controls, manages, and operates the company's business.

31. Defendant Kelch personally assigned work tasks to Sharron on behalf of Defendant Olympia Community Management and he personally made many of the decisions (if not all of the decisions) regarding Sharron's employment and his working conditions while he worked at Defendant Olympia Community Management, including but not limited to whether to pay him the compensation owed to him under the FLSA.

32. Defendant Kelch personally set the compensation rate and method of pay for Sharron while he was employed at Defendant Olympia Community Management, including personally making the decisions to withhold the overtime compensation owed to Sharron and to end Sharron's employment.

### COUNT 1
#### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Sharron repeats and incorporates all the previous allegations in his complaint.

34. The FLSA requires covered employers to pay non-exempt employees like Sharron

no less than 1.5 times his regular rate of pay for all hours worked in excess of 40 in a workweek.

35. Sharron worked more than 40 hours per week for Defendants during certain work weeks, but Defendants did not properly compensate him for all of the overtime hours that he worked as required by the FLSA.

36. Defendants did not, and have not, made a good-faith effort to comply with the FLSA as it relates to the compensation owed to Sharron.

37. Defendants knew that Sharron worked overtime hours without proper compensation, and they willfully failed and refused to pay Sharron his wages at the required overtime rates.

38. Defendants' willful failure and refusal to pay Sharron overtime wages for all the overtime hours that he worked violates the FLSA.

39. Sharron has suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2
### RETALIATION IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

40. Sharron repeats and incorporates all the previous allegations in his complaint.

41. Sharron engaged in activity protected by the FLSA by, among other things, requesting proper compensation and complaining about Defendant Olympia Community Management's unlawful pay practices.

42. Defendants knew about Sharron's protected activities.

43. Defendants terminated Sharron's employment with Defendant Olympia Community Management after they learned about Sharron's protected activities.

44. There was a direct and causal connection between Sharron's protected activities and Defendants' decision to terminate his employment.

45. Sharron suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, frontpay, lost benefits, compensatory damages (including emotional distress), punitive damages, liquidated damages, attorney's fees, and litigation costs.

## JURY DEMAND

46. Sharron demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

47. Plaintiff Alfred Sharron requests that the Court enter a judgment in his favor and against Defendants in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, liquidated damages, compensatory damages (including emotional distress), punitive damages, attorney's fees, litigation costs, and interest.

48. Sharron also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

ALFRED SHARRON

Dated: June 26, 2024 By: /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com